**IN THE COURT OF APPEALS OF IOWA**

No. 16-1405
Filed October 12, 2016

**IN THE INTEREST OF R.E.,**
**Minor child,**

**C.W., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark R. Fowler,
District Associate Judge.


        A mother appeals the termination of her parental rights to her child.
**AFFIRMED.**


        Steven W. Stickle of Stickle Law Firm, P.L.C., Davenport, for appellant
mother.

        Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant
Attorney General, for appellee State.

        Rebecca G. Ruggero of Rebecca S. Ruggero, Attorney at Law,
Davenport, guardian ad litem for minor child.


        Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to her child, born in 2005. She contends (1) the grounds for termination were not supported by clear and convincing evidence, (2) the department of human services failed to make reasonable efforts towards reunification, (3) she should have been given additional time to work towards reunification, and (4) termination was not in the child's best interest. We will address these arguments together.

The district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(b) (2015) (abandonment or desertion); (e) (absence of significant and meaningful contact); and (f) (child cannot be returned to parent's custody). We may affirm if we find clear and convincing evidence to support any of the grounds cited by the district court. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). We believe termination was warranted under Iowa Code section 232.116(1)(b) and, specifically, the desertion prong of that provision.

> "Desertion" means the relinquishment or surrender for a period in excess of six months of the parental rights, duties, or privileges inherent in the parent-child relationship. Proof of desertion need not include the intention to desert, but is evidenced by the lack of attempted contact with the child or by only incidental contact with the child.

Iowa Code § 232.2(14).

Our de novo review of the record reveals the following facts. R.E. was eleven years old at the time of the termination hearing. His mother had no contact with him for eight of those eleven years. She moved out of Iowa and eventually settled in Michigan, where she married and moved in with her in-laws.

The child, who was born in Iowa, remained in the state with his father, stepmother, and two half-siblings. The father was a long-term heroin user who introduced the stepmother to the drug. The department intervened in 2014 and obtained an agreement to have the children placed with the half-siblings' maternal grandmother. The State subsequently filed a child-in-need-of-assistance petition.[1]

The mother acknowledged receipt of the petition and was appointed an attorney to represent her in the proceedings. While she reportedly told the department she wanted what was best for R.E. and planned to stay engaged in his life, she failed to address her multiple-year absence. Nonetheless, the department considered her request for custody of the child and arranged for a home study pursuant to an interstate compact with the department of human services in Michigan. The Michigan department denied approval, reasoning that the mother had "not had any contact with her son . . . in eight years."

The mother did attempt to phone R.E. after the child-in-need-of-assistance petition was filed, a fact acknowledged by the Michigan department. But her efforts were unsuccessful and eight months into the proceedings, she had yet to request departmental assistance in this endeavor.

Just two months before the State filed a petition to terminate her parental rights, the mother asked the department to facilitate phone contact and her attorney formally sought an order requiring the department to provide this service. The district court agreed the lack of phone contact could be "remedied." However, the department failed to arrange for phone calls and none took place.

---

[1] After the petition was filed, the stepmother died of a heroin overdose.

We do not condone the department's refusal to provide this requested service. *See In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000) (explicating department's obligation to make reasonable efforts toward reunification). But the department furnished other services, including the home study. More importantly for purposes of this discussion, Iowa Code section 232.116(1)(b) does not require the provision of reasonable reunification services as a predicate to termination, and, even if the mother had been afforded occasional telephone contact with the child, the calls would have amounted to "incidental contact" at best under the definition of desertion. *See* Iowa Code § 232.2(14).

We conclude termination was warranted under the desertion prong of Iowa Code section 232.116(1)(b). In light of the mother's lengthy absence from the child's life, we further conclude there was no need to grant her additional time to reunify with him. *See id.* § 232.104(2)(b) (allowing extension upon enumeration of specific factors for determination that the need for removal will no longer exist at the end of the additional six-month period). Finally, we conclude termination was in the child's best interests because the mother failed to maintain a relationship with the child and lacked a suitable home in which to raise him.

We affirm the termination of the mother's parental rights to R.E.

**AFFIRMED.**